# No. 25-40106

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Yoni Orli Perdomo,

Plaintiff - Appellant

v.

City of League City, Texas; City of League City Police Department; Trevor
Rector, Officer; Tanner Surrat, Officer,

Defendants - Appellees

---

## On Appeal from
United States District Court for the Southern District of Texas

3:24-CV-129

---

## BRIEF OF APPELLANT YONI PERDOMO

SUBMITTED BY:

Courtney Ann Vincent
Vincent Law, P.L.L.C.
P.O. Box 940129
Houston, TX 77094

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| City of League City Police Department | William Helfand of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| City of League City Police Department | Norman Giles of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| City of League City Police Department | Lamisa Chowdhury of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| City of League City, Texas | William Helfand of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| City of League City, Texas | Norman Giles of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| City of League City, Texas | Lamisa Chowdhury of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| Trevor Rector | William Helfand of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| Trevor Rector | Norman Giles of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| Trevor Rector | Lamisa Chowdhury of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| Tanner Surrat | William Helfand of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| Tanner Surrat | Norman Giles of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |
| Tanner Surrat | Lamisa Chowdhury of Lewis, Brisbois, Bisgaard & Smith, L.L.P. Houston, TX |

| Appellants: | Counsel for Appellants: |
| --- | --- |
| Yoni Perdomo | Courtney Vincent of Vincent Law, P.L.L.C. Houston, TX |

S/Courtney Ann Vincent
Attorney of record for Yoni Orli Perdomo

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 5th Cir. R. 28.2.3 and Fed. R. App. 34 (a)(1), Appellant respectfully requests oral argument.  This appeal raises important legal issues concerning qualified immunity, the sufficiency of constitutional pleadings under Fed. R. Civ. P. 12(b)(6), and the District Court's dismissal of all claims without discovery.  Although body-worn camera footage was attached to the complaint and properly before the Court, the District Court adopted Defendants' interpretation of that footage and resolved contested facts in their favor.

Defendants moved to dismiss on multiple grounds, including that the complaint failed to (1) allege a constitutional violation, (2) overcome qualified and governmental immunity, and (3) support exemplary or punitive damages against Leage City, Texas.  The District Court accepted these arguments with crediting Plaintiff's well-pleaded facts or affording him an opportunity to develop the record.  Oral argument will aid the Court in evaluating whether the District Court prematurely resolved disputed factual and legal issues, whether it misapplied Fed. R. Civ. P. 12(b)(6) standards in the context of qualified immunity and municipal liability under 42 U.S.C. §1983, prematurely resolved factual disputes under the guise of qualified immunity and thereby short-circuited the adversarial process.

# TABLE OF CONTENTS

Contents                                                                  Page(s)

CERTIFICATE OF INTERESTED PERSONS ..................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ...............................................v

TABLE OF CONTENTS .........................................................................................xi

TABLE OF AUTHORITIES ....................................................................................xv

JURISDICTIONAL STATEMENT ............................................................................1

STATEMENT OF THE ISSUES .................................................................................1

STATEMENT OF THE CASE ....................................................................................2

SUMMARY OF THE ARGUMENT ...........................................................................4

STANDARD OF REVIEW ..........................................................................................4

   I.   Procedural Error / Improper Conversion of Rule 12(b)(6): ...........................4

   II.  Qualified Immunity at the Pleading Stage: ....................................................6

   III. Constitutional Claims under § 1983: .............................................................6

   IV. Municipal Liability (*Monell* and Ratification):.............................................6

   V.  State-Law Tort Claims and Immunity: ...........................................................6

ARGUMENTS ..............................................................................................................7

**I.   The District Court Improperly Resolved Factual Disputes Based on Video Evidence at the Rule 12(b)(6) Stage, Effectively Converting the Motion into Summary Judgment Without Notice or Discovery.**.....................7

   *A.     Rule 12(b)(6) Does Not Permit Resolution of Fact Disputes or Weighing of Evidence.* ......................................................................7

   *B.     The District Court Improperly Weighed the Video Against the Complaint and Drew Inferences in Favor of Defendants.* ................................8

   *C.     The District Court's Approach Violated Fundamental Notice and Process Requirements.* ........................................................9

   *D.     Conclusion Argument I.* ........................................................10

**II.   The District Court Prematurely Applied Qualified Immunity by Rejecting Well-Pleaded Allegations and Resolving Factual Disputes.**..........11

   *A.     Plaintiff Plausibly Alleged a Constitutional Violation.*..........................12

   *B.     The Right Was Clearly Established.*.......................................13

   *C.     The Court Improperly Dismissed the Bystander Liability Claim.*...........13

   *D.     Conclusion Argument II.* .......................................................13

**III.   The District Court Improperly Dismissed Plaintiff's Constitutional Claims by Resolving Disputed Facts and Applying an Elevated Pleading Standard.** ....................................................................14

A. *Plaintiff's Complaint States a Fourth Amendment Excessive Force Claim.* ....................................................................................14

B. *Plaintiff's Complaint States a Claim for False Arrest and Unreasonable Seizure.* ..........................................................................15

C. *Plaintiff Alleged a Plausible Claim for Deliberate Indifference Under the Fourth Amendment.* .........................................................16

D. *Plaintiff's Bystander Liability Claim Was Sufficiently Pled.* .................18

E. *Conclusion Argument III.* ........................................................18

**IV. The District Court Improperly Dismissed Plaintiff's *Monell* and Ratification Claims by Imposing an Elevated Evidentiary Standard at the Pleading Stage.** ...................................................................18

A. *The Complaint Adequately Alleged Monell Liability for an Unconstitutional Policy, Custom, or Failure to Train.* ...................................19

B. *The Plaintiff Adequately Pled a Ratification Theory of Liability.* .........20

C. *Conclusion Argument IV.* ........................................................21

**V. The District Court Improperly Dismissed Plaintiff's State Law Claims Based on Misapplication of Immunity and Scope of Employment Doctrines.** 21

*A.*     *The Claims of Assault and Malicious Prosecution Against the Officers Should Not Have Been Dismissed.* ...................................................................22

*B.*     *The City is Not Immune from Liability for Negligence per Se.* ..............23

*C.*     *Dismissal of the Malicious Prosecution Claim Was Premature.* ...........24

*D.*     *Conclusion Argument V.* ..........................................................................25

CONCLUSION ................................................................................................25

CERTIFICATE OF SERVICE.................................................................................27

CERTIFICATE OF COMPLIANCE ....................................................................28

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                          <u>PAGES</u>

*Alexander v. Walker*,
    <u>435 S.W.3d 789, 792</u> (Tex. 2014) ------------------------------------------------ 22

*Anderson v. Valdez*,
    <u>845 F.3d 580, 599</u> (5th Cir. 2016) ---------------------------------------------- 6, 11

*Ashcroft v. Iqbal*,
    <u>556 U.S. 662</u> (2009) -------------------------------------------------------------------5

*Backe v. LeBlanc*,
    <u>691 F.3d 645, 648</u> (5th Cir. 2012) ------------------------------------------------ 10

*Barnes v. Felix*,
    No. 23-1239, 2025 U.S. LEXIS 1834, (May 15, 2025) ----------------------passim

*Bell Atl. Corp. v. Twombly*,
    <u>550 U.S. 544</u> (2007) -------------------------------------------------------------------5

*Brothers v. Zoss*,
    <u>837 F.3d 513, 519</u>–20 (5th Cir. 2016) ------------------------------------------- 13

*City of Watauga v. Gordon*,
    <u>434 S.W.3d 586, 593</u> (Tex. 2014) ------------------------------------------------ 23

*Coon v. Ledbetter*,
    <u>780 F.2d 1158, 1161</u> (5th Cir. 1986) -------------------------------------------- 21

*Darden v. City of Fort Worth*,
    <u>880 F.3d 722, 730</u> (5th Cir. 2018) ---------------------------------------------passim

*Davis v. City of Grapevine*,
    <u>188 F.3d 223, 227</u> (5th Cir. 1999) ---------------------------------------------5, 7

*Forgan v. Howard Cnty.*,
    494 F.3d 518, 520 (5th Cir. 2007)----------------------------------------------6, 7

*Garcia v. Bexar County*,
    802 F.3d 752, 761–62 (5th Cir. 2015) ----------------------------------- 16

*Grandstaff v. Borger*,
    767 F.2d 161 (5th Cir. 1985) ----------------------------------------------- 20

*Groden v. City of Dallas*,
    826 F.3d 280, 283 (5th Cir. 2016)----------------------------------------- 6, 19

*Harmon v. City of Arlington*,
    16 F.4th 1159, 1163 (5th Cir. 2021)-----------------------------------------7, 8, 9

*Hogan v. Cunningham*,
    722 F.3d 725, 735 (5th Cir. 2013) ------------------------------------------ 6, 16

*James v. Harris Cnty.*,
    577 F.3d 612, 617 (5th Cir. 2009) --------------------------------------------6

*Joseph v. Bartlett*,
    981 F.3d 319, 325 (5th Cir. 2020) ------------------------------------------ 6, 17

*Kroger Tex. Ltd. P'ship v. Suberu*,
    216 S.W.3d 788, 792 n.3 (Tex. 2006)------------------------------------------ 25

*McDuffie v. Estelle*,
    935 F.2d 682-------------------------------------------------------------- 23

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658, 694 (1978). ------------------------------------------------- 19

*Newman v. Guedry*,
    703 F.3d 757, 763–64 (5th Cir. 2012) --------------------------------------- 13

*Ontiveros v. City of Rosenberg*,
　564 F.3d 379, 382 (5th Cir. 2009) ----------------------------------------6, 12, 14

*Perdomo v. City of League City et. al.*, No. 3:24-cv-00129 (S.D. Tex. Galveston
　Div. filed May 11, 2024) --------------------------------------------------- passim

*Peterson v. City of Fort Worth*,
　588 F.3d 838, 850 (5th Cir. 2009) ------------------------------------------ 19

*Samtani v. City of Laredo*,
　2024 U.S. Dist. LEXIS 68934 ------------------------------------------------ 10

*Scott v. Harris*,
　550 U.S. 372, 380 (2007) -------------------------------------------------5, 7, 8

*Solis v. Serrett*,
　31 F.4th 975, 981 (5th Cir. 2022) ------------------------------------------ 12

Spratlen v. Rainey,
　2024 U.S. Dist. LEXIS 237222 ---------------------------------------------- 10

*Tex. Dep't of Pub. Safety v. Petta*,
　44 S.W.3d 575, 580–81 (Tex. 2001) --------------------------------------23, 24

*Thomas v. City of Galveston*,
　800 F. Supp. 2d 826, 842 (S.D. Tex. 2011) --------------------------------- 20

*Trent v. Wade*,
　776 F.3d 368 (5th Cir. 2015) -----------------------------------------------5

*White v. U.S. Corr., L.L.C.*,
　996 F.3d 302 (5th Cir. 2021) -----------------------------------------------4

*Whitley v. Hanna*,
　726 F.3d 631, 646 (5th Cir. 2013) --------------------------------------13, 18

*World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755
   (5th Cir. 2009)------------------------------------------------------------- 21

*Wright v. City of Houston*,
   2023 U.S. Dist. LEXIS 9110 ----------------------------------------------- 10

*Zapata v. Melson*,
   750 F.3d 481, 485 (5th Cir. 2014)------------------------------------------- 10

## STATUTES

28 U.S.C. 1291 -----------------------------------------------------------------1
42 U.S.C. §1983 -----------------------------------------------------------v, 2, 23, 25
TTCA § 101.106(f) ----------------------------------------------------- 27, 28, 29

## RULES

5th Cir. R. 28.2.3 ------------------------------------------------------------v
Fed. R. Civ. P. 8 -------------------------------------------------------------17, 23
Fed. R. Civ. P. 12------------------------------------------------------------passim
Fed. R. Civ. P 56 -------------------------------------------------------------9

# JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to U.S.C. § 28 U.S.C. 1291. This appeal challenges the dismissal of all claims at the pleadings stage. The District Court relied on bodycam evidence and improperly resolved factual disputes in Defendants' favor, effectively converting the motion into summary judgement without notice or discovery. Appellant challenges the dismissal of constitutional claims on qualified immunity grounds and the rejection of municipal and unitive liability at the pleadings stage.

# STATEMENT OF THE ISSUES

**Issue 1:** Whether the District Court erred by relying on body-worn camera footage to resolve factual disputes at the pleading stage, effectively converting Defendants' Rule 12(b)(6) motion into summary judgment without notice or discovery.

**Issue 2:** Whether the District Court improperly applied qualified immunity by disregarding Plaintiff's well-pleaded allegations and finding no clearly established constitutional violation.

**Issue 3:** Whether the complaint plausibly alleged Constitutionals violations, including excessive force, false arrest, unreasonable seizure, bystander liability, and deliberate indifference to medical needs, sufficient to survive dismissal.

**Issue 4:** Whether the District Court erred is dismissing *Monell* and ratification claims by requiring proof of formal policy, widespread pattern, or supervisory

1

authority at the pleading stage.

**Issue 5:** Whether the dismissal of state-law claims for assault, negligence per se, and malicious prosecution was improperly dismissed based on immunity or mischaracterization as official-capacity conduct.

## STATEMENT OF THE CASE

This appeal arises from the District Court's dismissal of all claims under Rule 12(b)(6) in a civil rights action brought under 42 U.S.C. § 1983.  On or about May 11, 2022, Plaintiff Yoni Perdomo, a subcontractor, was injured during a police encounter in League City, Texas, after attempting to retrieve unpaid wages and tools from a residential job site.  When officers arrived, a brief interaction escalated into a violent takedown, during which Officer Trevor Rector slammed Perdomo face-first into the pavement, resulting in visible head trauma and convulsions. Officer Tanner Surratt arrived moments later and assisted in restraining him.

Importantly, prior to the use of force, the officers were informed by an on-site contractor that Perdomo had mental health challenges. Despite this knowledge, the officers failed to employ any de-escalation techniques or follow established protocols for interacting with individuals in mental health crisis. Perdomo was mishandled at the scene, denied appropriate medical stabilization, and later suffered a stroke.

On May 11, 2024, Perdomo filed suit in the United States District Court for

the Southern District of Texas, Galveston Division, *Perdomo v. City of League City et. al.*, No. 3:24-cv-00129 (S.D. Tex. Galveston Div. filed May 11, 2024) <u>ROA. 6-28</u>. asserting claims against Officers Rector and Surratt and the City of League City for excessive force, false arrest, unreasonable seizure, and deliberate indifference to medical needs under the Fourth and Fourteenth Amendments.  He also brought *Monell* and ratification claims against the City along with state-law claims for assault, negligence per se, and malicious prosecution.

The District Court dismissed all claims with prejudice, relying on body-worn camera footage attached to the complaint to reject Plaintiff's allegations, find probable cause, and grant qualified and governmental immunity.  The Court further held that Plaintiff failed to plead a constitutional violation, a policy or pattern under Monell, or a viable state-law claim. This appeal follows.

## SUMMARY OF THE ARGUMENT

The District Court erred in dismissing Plaintiff's case under Rule 12(b)(6) by resolving factual disputes based on body-worn camera footage, effectively converting the motion into summary judgment without notice or discovery. The Court further misapplied qualified immunity by disregarding and rejecting Plaintiff's well-pleaded allegations and prematurely that the officers' conduct did not violate clearly Constitutional rights.

Plaintiff's Complaint, ROA. 6-28, 84-112. , plausibly alleged excessive force, false arrest, and denial/delay of medical care, supported by specific facts and corroborated injuries. The Court also improperly dismissed *Monell* and ratification claims by demanding proof of policy or pattern at the pleading stage. State-law claims were similarly dismissed based on overly broad immunity findings. Taken together, the ruling short-circuited Plaintiff's right to factual development, discovery, and legal redress.

## STANDARD OF REVIEW

The Appellate Court reviews the grant of a *Rule 12(b)(6)* motion to dismiss de novo, accepting all well-pleaded factual allegations as true and viewing them in the light most favorable to the plaintiff. *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306 (5th Cir. 2021). To survive dismissal, a complaint must state a claim that is plausible on its face, allowing the court to draw a reasonable inference that the

4

defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While courts may consider video evidence incorporated into the complaint, such footage must be interpreted in the light most favorable to the plaintiff, and dismissal is improper **unless** the video blatantly contradicts the complaint's factual allegations. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018). Courts may not resolve factual disputes or draw inferences in the defendant's favor at the pleading stage.

Where qualified immunity is asserted, the court must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Even in this context, the court must still accept the plaintiff's version of the facts and cannot rely on contested interpretations of video or extrinsic evidence to dismiss plausible claims. See *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015); *Barnes v. Felix*, 605 U.S. ___ (2025) (rejecting "moment-of-threat" doctrine and requiring totality-of-circumstances review in excessive force cases).

## I.  Procedural Error / Improper Conversion of Rule 12(b)(6):

Dismissal of state-law tort claims based on immunity is reviewed de novo. *Davis v. City of Grapevine*, 188 F.3d 223, 227 (5th Cir. 1999). Whether a Texas governmental entity or official is immune from liability is a question of law that may be resolved on a motion to dismiss. *Forgan v. Howard Cnty.*, 494 F.3d 518, 520 (5th

Cir. 2007).

## II.   Qualified Immunity at the Pleading Stage:

The denial or grant of qualified immunity on a motion to dismiss is reviewed de novo. *Anderson v. Valdez*, 845 F.3d 580, 599 (5th Cir. 2016).  A complaint must plead specific facts showing a constitutional violation and that the right was clearly established at the time of the conduct. *Joseph v. Bartlett*, 981 F.3d 319, 325 (5th Cir. 2020).

## III.   Constitutional Claims under § 1983:

The sufficiency of constitutional claims, including excessive force, false arrest, unreasonable seizure, bystander liability, and deliberate indifference, is reviewed de novo. *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013) Dismissal is inappropriate where the complaint alleges facts that, if true, state a plausible claim for relief. *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).

## IV.   Municipal Liability (*Monell* and Ratification):

Dismissal of municipal liability claims is reviewed de novo.  *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) At the pleading stage, a plaintiff must allege facts plausibly linking a municipal policy, custom, or ratification to the constitutional violation. *Groden v. City of Dallas*, 826 F.3d 280, 283 (5th Cir. 2016).

## V.   State-Law Tort Claims and Immunity:

Dismissal of state-law claims on immunity grounds is reviewed de novo.  *Davis*

*v. City of Grapevine*, 188 F.3d 223, 227 (5th Cir. 1999). Whether a Texas governmental entity or official is immune from liability is a question of law that may be resolved on a motion to dismiss. *Forgan v. Howard Cnty.*, 494 F.3d 518, 520 (5th Cir. 2007).

## <u>ARGUMENTS</u>

### I. The District Court Improperly Resolved Factual Disputes Based on Video Evidence at the Rule 12(b)(6) Stage, Effectively Converting the Motion into Summary Judgment Without Notice or Discovery.

The District Court erred by relying on body-worn camera footage to resolve factual disputes in favor of Defendants at the pleading stage. In doing so, the Court effectively converted the motion to dismiss under *Rule 12(b)(6)* into a summary judgment determination without notice or the procedural safeguards required under *Rule 56*.

### A. *Rule 12(b)(6) Does Not Permit Resolution of Fact Disputes or Weighing of Evidence.*

Although a court may consider a video attached to a complaint where it "blatantly contradicts" the pleadings, the video must leave no room for competing inferences. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021). This Court has made clear that dismissal based on video is improper unless the footage "blatantly contradicts" the plaintiff's

7

allegations, leaving no room for competing inferences. *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).  Where the video is ambiguous or partially obscured, as here, it must be viewed in the light most favorable to the plaintiff. See *Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018) (reversing dismissal where bodycam footage "does not blatantly contradict Darden's version and shows facts from which a jury could infer excessive force").

The District Court's decision also directly conflicts with the Supreme Court's recent ruling in *Barnes v. Felix*, No. 23-1239, 2025 U.S. LEXIS 1834, (May 15, 2025) which rejected the "moment-of-threat" approach. The Court held that excessive force must be evaluated under the totality of the circumstances, including the events leading up to the use of force, not just the instant it occurred.  Here, the District Court isolated a narrow moment in the bodycam footage while ignoring Plaintiff's prior compliance, non-threatening posture, and the officers' prior knowledge that he had mental health challenges.  That was error.

**B.    *The District Court Improperly Weighed the Video Against the Complaint and Drew Inferences in Favor of Defendants.***

The District Court explicitly rejected Perdomo's well-pleaded version of events based on its interpretation of the video, concluding that the footage "blatantly contradicts" Plaintiff's description of submissive behavior. See ROA. 209-210.  But

the video does not clearly refute Perdomo's allegations; rather, it shows a brief, ambiguous interaction followed by a sudden physical takedown, much of which is obscured by the camera (ROA. 48.)

Perdomo alleged that he turned his back, placed his hands behind him in submission, and was slammed to the ground, suffering head trauma and convulsions. (ROA. 48.).  Even if the video shows some movement that could be interpreted as contact, it does not irrefutably contradict Plaintiff's account, nor does it eliminate the possibility of excessive force.  As such, the video raised, rather than resolved, disputed facts that should have been evaluated after discovery.

By rejecting Plaintiff's version and crediting Defendants' narrative, the court usurped the jury's role and deprived Perdomo of an opportunity to present evidence supporting his claims.

## C.   *The District Court's Approach Violated Fundamental Notice and Process Requirements.*

The district court did not provide notice that it would treat the motion as one for summary judgment, nor did it allow discovery or an opportunity for Plaintiff to respond with evidence.  If the video evidence is ambiguous or does not provide sufficient clarity, the court must view the facts in the light most favorable to the plaintiff.  This principle is consistent with the Fifth Circuit's guidance in cases such as *Harmon v. City of Arlington*, 16 F.4th 1159, where this Court emphasized that

9

video evidence should only override the plaintiff's allegations if it "blatantly contradicts" them, **leaving no room for a reasonable jury** to believe the plaintiff's account *Wright v. City of Houston*, 2023 U.S. Dist. LEXIS 9110, *Samtani v. City of Laredo*, 2024 U.S. Dist. LEXIS 68934, *Spratlen v. Rainey*, 2024 U.S. Dist. LEXIS 237222.

Plaintiff acknowledges that full discovery is generally deferred until after a qualified immunity determination. However, this principle does not preclude all discovery. The Fifth Circuit has established a "careful procedure" allowing for limited discovery specifically tailored to address qualified immunity when necessary. In *Backe v. LeBlanc*, the court held that if a plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity, and the court is unable to rule on the immunity defense without further clarification of the facts, it may permit narrowly tailored discovery to uncover only those facts needed to rule on the immunity claim. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); see also *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).

## D.  Conclusion Argument I.

In this case, the District Court erred by resolving factual disputes at the pleading stage based on its own interpretation of body-worn camera footage.  Although the video was part of the pleadings, it did not "blatantly contradict" Plaintiff's allegations and was subject to competing inferences.  By crediting Defendants'

version of events and dismissing without notice or discovery, the court effectively converted the *Rule 12(b)(6)* motion into summary judgment in violation of clear procedural standards. Reversal is warranted.

## II.   The District Court Prematurely Applied Qualified Immunity by Rejecting Well-Pleaded Allegations and Resolving Factual Disputes.

This District Court erred in granting qualified immunity to Officers Rector and Surratt at the motion to dismiss stage.  In doing so, it improperly discredited Plaintiff's factual allegations and resolved material disputes based on its own interpretation of the body-worn camera footage.  The Court failed to apply the well-established standard requiring that all reasonable inferences be drawn in the plaintiff's favor and accept all well-pleaded facts as true and view any incorporated video in the light most favorable to the plaintiff. See *Anderson v. Valdez*, 845 F.3d 580, 599 (5th Cir. 2016); *Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018).

This error is further amplified by the Supreme Court's recent decision in *Barnes v. Felix*, which **rejected** the Fifth Circuit's **"moment-of-threat" doctrine**, the very framework the District Court effectively applied. In *Barnes*, the Court held that excessive force must be evaluated based on the **totality of the circumstances**, including the officer's prior knowledge and conduct leading up to the use of force, not just the split second in which force was applied. The Supreme Court emphasized

that isolating a single moment, as lower courts had done, failed to account for the broader context necessary under the Fourth Amendment.

Here, Plaintiff alleged that Officer Rector taunted him, the Officer ignored warnings that Perdomo had mental health challenges and slammed him face-first into the pavement after Plaintiff turned and briskly walked backward with his hands behind his back and made incidental contact.  He was moving backwards! These allegations, taken as true, describe a use of objectively unreasonable force against a nonviolent, compliant individual. The District Court's analysis, which focused narrowly on a single moment captured by bodycam footage, is precisely the type of "snapshot" reasoning that *Barnes* now expressly forbids.

## A.   *Plaintiff Plausibly Alleged a Constitutional Violation.*

Plaintiff alleged that Officer Rector slammed him to the ground without cause while he had his back turned and hands behind him, resulting in head trauma and convulsions. (ROA. 87-88:20-21).  These allegations state a claim for excessive force. See *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022); *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).

Notably, the officers asked, and it was confirmed with the employer-contractor on site, if Plaintiff had mental health challenges.  Despite this knowledge, they failed to employ de-escalation techniques or adapt their conduct accordingly, in violation of their training and established protocols.

The District Court dismissed the claim based on its own interpretation of bodycam footage, concluding that the force was reasonable. ROA. 215-217. However, the footage is partially obscured and does not "blatantly contradict" Plaintiff's version. At most, it raises competing inferences that must be resolved by a jury. *Darden*, 880 F.3d at 730.

### B.    *The Right Was Clearly Established.*

The right to be free from force when not resisting or posing a threat was clearly established at the time of the incident. See *Newman v. Guedry*, 703 F.3d 757, 763–64 (5th Cir. 2012); *Brothers v. Zoss*, 837 F.3d 513, 519–20 (5th Cir. 2016). Perdomo was unarmed, nonviolent, and compliant when force was used. At the pleading stage, such facts preclude qualified immunity.

### C.    *The Court Improperly Dismissed the Bystander Liability Claim*

The District Court dismissed the bystander liability claim against Officer Surratt solely because it rejected the underlying excessive force claim. ROA. 219. This reasoning is circular and incorrect. Plaintiff alleged that Surratt witnessed the takedown, had an opportunity to intervene, and failed to do so. ROA. 88-89, 109. These facts are sufficient to support bystander liability. See *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

### D.    *Conclusion Argument II.*

The District Court resolved disputed facts in Defendants' favor, failed to credit Plaintiff's version of events, and dismissed plausible constitutional claims at the pleading stage. Its application of qualified immunity was premature and legally erroneous.

## III. The District Court Improperly Dismissed Plaintiff's Constitutional Claims by Resolving Disputed Facts and Applying an Elevated Pleading Standard.

The District Court dismissed Plaintiff's Fourth and Fourteenth Amendment claims, including excessive force, false arrest, unreasonable seizure, bystander liability, and deliberate indifference to medical needs, on the pleadings. In doing so, the Court disregarded binding precedent requiring courts to accept well-pleaded facts as true and improperly weighed video evidence to resolve fact disputes against Plaintiff. These claims were sufficiently pled under *Rule 8* and should not have been dismissed without discovery.

### A. *Plaintiff's Complaint States a Fourth Amendment Excessive Force Claim.*

To state a claim for excessive force, a plaintiff must allege (1) an injury, (2) resulting directly and solely from force that was clearly excessive, and (3) that the excessiveness of the force was unreasonable. *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). The district court acknowledged Perdomo's injuries ROA. 214. but dismissed the claim based on its interpretation of the bodycam

14

footage, concluding that the force was reasonable under the circumstances.

This was a glaring error. Plaintiff alleged that he was already walking away from the scene when Officer Rector began taunting him. Perdomo remained nonresponsive until Rector escalated the encounter by threatening arrest. In response, Plaintiff turned and briskly walked backward toward Rector with his hands behind his back in a clear act of compliance. ROA. 2. Rector body-slammed Plaintiff face-first into the pavement, even though he was briskly walking backward toward Rector with his hands behind his back and made only incidental contact. Plaintiff suffered severe head trauma and convulsed on the ground. These allegations plausibly describe excessive and objectively unreasonable force used against a nonviolent, compliant individual. The video footage albeit brief, partially obstructed, and **open to competing interpretations, does not "blatantly contradict" Plaintiff's version and cannot justify dismissal.** See *Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018).

Moreover, it is worthy to note that the Defendant Officers were told by a witness on scene, the employer-contractor, that Plaintiff had mental health challenges. Rather than using crisis-intervention training or de-escalation techniques, they escalated force without provocation, demonstrating a reckless disregard for Plaintiff's safety and condition.

**B.  Plaintiff's Complaint States a Claim for False Arrest and Unreasonable**

*Seizure.*

The Fourth Amendment protects against arrests without probable cause. The District Court dismissed this claim, concluding that the video "corroborates the existence of probable cause." ROA. 215. But the video does not eliminate factual disputes over whether Perdomo committed any offense or whether the officers' response was disproportionate to the situation.

Plaintiff alleged that he was attempting to retrieve unpaid wages and tools, that a verbal dispute ensued, and that he was arrested without a clear legal basis. ROA. 87:14-19. ROA. 107-108: 85-90. At the pleading stage, these allegations are sufficient. See *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013) (plaintiff need not prove absence of probable cause, only plausibly allege it).

## C. Plaintiff Alleged a Plausible Claim for Deliberate Indifference Under the Fourth Amendment.

Because Perdomo had not been arrested or booked at the time of the alleged denial of medical care, his claim arises under the Fourth Amendment, not the Fourteenth. See *Garcia v. Bexar County*, 802 F.3d 752, 761–62 (5th Cir. 2015) (holding that the Fourth Amendment governs claims for denial of medical care during or immediately following an arrest). The District Court dismissed this claim, reasoning that any delay in medical attention "lasted only a few minutes" and thus did not rise to a constitutional violation. ROA. 212. That reasoning fails both legally

and factually.

Plaintiff alleged that after being slammed face-first to the ground, he began convulsing and bled from his ear which is an unmistakable sign of serious head trauma. ROA. 89:21-24.   Instead of stabilizing him or deferring to medical professionals, the officers moved Plaintiff repeatedly: sitting him up, laying him back down, and repositioning him before EMS arrived.   This handling was objectively unreasonable under the circumstances and violated clearly established Fourth Amendment protections. See *Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020).

Further, the Defendant Officers were also aware, based on on-scene confirmation, that Plaintiff had documented mental health issues.   Their decision to physically manipulate and reposition him after head trauma, rather than securing EMS and stabilizing the scene, was not only unreasonable but dangerous in light of this known vulnerability.

Horribly, Plaintiff later suffered a stroke, which may have been preventable had he received prompt and appropriate medical intervention.   Whether the delay was brief is beside the point; the key issue is whether the officers' actions, including the failure to properly respond to visible neurological trauma, were reasonable under the Fourth Amendment.   That is a fact-intensive question not suitable for resolution on the pleadings.

*D.    Plaintiff's Bystander Liability Claim Was Sufficiently Pled.*

The District Court rejected the bystander liability claim against Officer Surratt on the ground that no constitutional violation occurred. ROA. 220. This conclusion depends entirely on the court's dismissal of the excessive force claim, which, as explained above, was improper.

Plaintiff alleged that Surratt was present, observed the use of force, and failed to intervene. ROA. 88-89. These allegations are sufficient to state a claim. See *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

*E.    Conclusion Argument III.*

The District Court dismissed multiple Constitutional claims based on fact-driven conclusions that should not have been resolved at the pleading stage. Plaintiff's allegations, supported by physical injury and not entirely clear video, plausibly state violations of the Fourth and Fourteenth Amendments. Dismissal was premature and should be reversed.

## IV.  The District Court Improperly Dismissed Plaintiff's *Monell* and Ratification Claims by Imposing an Elevated Evidentiary Standard at the Pleading Stage.

The District Court erred in dismissing Plaintiff's claims against the City of League City by requiring a level of factual specificity that exceeds the *Rule 8* standard and by prematurely evaluating whether Plaintiff had "proven" a municipal

policy or custom.  Plaintiff alleged a viable *Monell* claim based on the City's failure to train, supervise, and discipline officers, and also pled a ratification theory based on the City's post-incident conduct.  At the *Rule 12* stage, those allegations were sufficient to proceed.

## A.   The Complaint Adequately Alleged Monell Liability for an Unconstitutional Policy, Custom, or Failure to Train.

A municipality may be held liable under *42 U.S.C. § 1983* where an official policy or custom was the "moving force" behind a constitutional violation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  A plaintiff need not identify a formal written policy at the pleading stage.  Alleging a persistent, widespread practice that is so common as to constitute a custom is sufficient.  *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009) *Groden v. City of Dallas*, 826 F.3d 280, 284 (5th Cir. 2016).

Perdomo alleged that League City has a pattern of failing to investigate, discipline, or retrain officers involved in incidents involving excessive force, including at least one publicly documented incident prior to his own. ROA. 94-95: 50.  He further alleged that the City failed to implement adequate training policies or enforce meaningful accountability mechanisms; failures that directly caused the constitutional violations in this case.  These allegations were specific enough to place the City on notice of the basis for the claim and are legally sufficient under

19

*Monell*.  Plaintiff further alleged that despite the officers receiving confirmation that he suffered from mental health challenges, they ignored departmental protocols for dealing with mental health crises. This failure underscores systemic breakdowns in training and supervision that allowed unqualified, unprepared officers to escalate a situation involving a known vulnerable individual.

The District Court rejected these claims, stating that "a single incident is not enough" and that Plaintiff failed to "plead facts showing a policymaker acted with deliberate indifference." ROA. 224. But this misstates the pleading burden.  At this stage, Plaintiff is not required to prove the existence of a widespread practice but rather only allege facts that make it plausible. See *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 842 (S.D. Tex. 2011) (Costa, J.) ("[T]here is no heightened pleading requirement for § 1983 claims against municipalities."). Dismissal here was premature.

### B.    *The Plaintiff Adequately Pled a Ratification Theory of Liability.*

Plaintiff also alleged that League City, through its command-level officers, ratified the use of force by failing to meaningfully investigate or discipline the officers involved despite clear video evidence and severe resulting injury. ROA. 93-95. Under *Grandstaff v. Borger*, 767 F.2d 161 (5th Cir. 1985), and its progeny, a municipality may be held liable when it approves or condones unconstitutional conduct through inaction or post-hoc endorsement.

The district court dismissed this theory, concluding that "ratification requires more than a failure to discipline" and that Plaintiff failed to identify a policymaker. ROA. 224-225. But courts have repeatedly held that post-incident approval by command staff, especially where injuries are severe and video evidence is available, can constitute ratification at the pleading stage. See *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986); *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009).

Here, Plaintiff alleged both the specific conduct giving rise to the injury and the City's deliberate failure to respond in a meaningful way. These are sufficient allegations of ratification and official tolerance of unconstitutional conduct, particularly when read in conjunction with the broader *Monell* claims.

## C. Conclusion Argument IV.

The District Court improperly dismissed Plaintiff's *Monell* and ratification claims by applying an evidentiary **standard inconsistent with *Rule 12(b)(6)***. Plaintiff pled detailed, plausible facts regarding the City's failure to train, supervise, and investigate, as well as its post-incident inaction. These claims should have been allowed to proceed to discovery and not summarily dismissed.

## V. The District Court Improperly Dismissed Plaintiff's State Law Claims Based on Misapplication of Immunity and Scope of Employment Doctrines.

Plaintiff brought state-law claims for assault, malicious prosecution, and negligence per se against the individual officers and the City of League City under the Texas Tort Claims Act (TTCA). The district court dismissed all claims, holding that the officers were immune under the *TTCA § 101.106(f)*, and that the City was immune because the officers acted within the scope of employment and the alleged conduct involved intentional torts. ROA. 227. These conclusions are legally flawed and factually disputed.

## A. The Claims of Assault and Malicious Prosecution Against the Officers Should Not Have Been Dismissed.

The District Court found that the individual officers were immune from suit under § 101.106(f) of the TTCA, concluding they acted within the scope of their employment and were thus protected from personal liability. ROA. 227. However, immunity under TTCA § 101.106(f) is not automatic. It applies only if (1) the conduct was within the general scope of employment and (2) the suit could have been brought against the governmental unit. *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014).

Here, Plaintiff alleged that Officer Rector used extreme and excessive force without legal justification, and that Officer Surratt failed to intervene. ROA. 102-103:57. These egregious acts, if proven, would not fall within the general scope of employment under Texas law. See *City of Watauga v. Gordon*, 434 S.W.3d 586, 593

(Tex. 2014) (force that is objectively unreasonable may fall outside the scope of employment). Furthermore, claims involving intentional, unauthorized violence are not categorically shielded. See *McDuffie v. Estelle,* 935 F.2d 682. If true, then Plaintiff's allegations support the conclusion that the officers acted for personal reasons or with such disregard for policy that they stepped outside the scope of employment. The Texas Supreme Court has recognized that excessive or retaliatory force may fall outside the scope of official duties. See *Tex. Dep't of Pub. Safety v. Petta,* 44 S.W.3d 575, 580–81 (Tex. 2001) (trooper's conduct "was not the kind of discretionary conduct that is protected by official immunity" where it was "clearly inappropriate and without legal justification").

Because scope of employment is a **factual issue** that cannot be resolved on the pleadings, the court erred in dismissing the assault and malicious prosecution claims against the individual officers under § 101.106(f) of the TTCA.

### B.    *The City is Not Immune from Liability for Negligence per Se.*

The District Court held that the City was immune from Plaintiff's negligence per se claim under the TTCA, reasoning that the underlying conduct involved intentional torts, and that the TTCA waives immunity only for claims involving "use of tangible personal property."

Though, the TTCA does not categorically bar negligence claims merely because the same conduct could also be characterized as intentional. Where

plaintiffs plead **alternative theories**, including negligent implementation of policy or supervision, they are entitled to proceed. *Texas Dep't of Pub. Safety v. Petta*, <u>44 S.W.3d 575, 580</u>–81 (Tex. 2001). Moreover, Plaintiff specifically alleged that the City's negligence in supervising, retaining, and training the officers allowed the excessive force to occur, an independent theory from the intentional act itself. <u>ROA. 95</u>, <u>109</u>:100-103.

At a minimum, whether the City's alleged conduct fits within the TTCA's waiver provisions requires factual development and cannot be resolved solely on the pleadings.

## C.   *Dismissal of the Malicious Prosecution Claim Was Premature.*

The District Court dismissed Plaintiff's malicious prosecution claim against the Defendant Officers on the ground that probable cause existed as a matter of law. <u>ROA. 226</u>. But Plaintiff alleged that the officers fabricated or exaggerated facts to justify their use of force and that criminal charges were pursued without lawful basis. <u>ROA. 106-107</u>: 76-87. Whether probable cause existed is a factual question and courts are not permitted to draw inferences in defendants' favor at the pleading stage.

To state a claim for malicious prosecution under Texas law, a plaintiff must plead: (1) the initiation of criminal proceedings, (2) by the defendant, (3) with malice, (4) without probable cause, (5) that the proceedings terminated in the plaintiff's favor, and (6) that the plaintiff suffered damages. *Kroger Tex. Ltd. P'ship*

*v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006).  Plaintiff alleged each element, and the district court erred by dismissing this claim without allowing factual development on the existence (or fabrication) of probable cause.

**D.    *Conclusion Argument V.***

The District Court erred in dismissing Plaintiff's state-law claims by prematurely resolving fact questions concerning scope of employment, probable cause, and governmental immunity.  Plaintiff plausibly alleged that the officers acted outside the scope of their duties, that the City was negligent in training and supervision, and that the malicious prosecution was initiated without legal basis.  These claims are fact-bound and not subject to dismissal under *Rule 12(b)(6)*.  Reversal is warranted to allow these claims to proceed to discovery.

## CONCLUSION

Plaintiff-Appellant Yoni Perdomo respectfully requests that this Court **reverse the district court's order**, **deny qualified immunity**, and **remand for discovery and trial**.  The complaint alleges clear and egregious constitutional violations that cannot be resolved on the pleadings.  Under the so-called moment-of-the-threat rule, a court looks only to the circumstances existing at the precise time an officer perceived the threat inducing him to shoot.  That approach is rejected as improperly narrowing the requisite Fourth Amendment analysis.  To assess whether

an officer acted reasonably in using force, a court must consider all the relevant circumstances, including facts and events leading up to the climactic moment. *Barnes v. Felix*, No. 23-1239, 2025 U.S. LEXIS 1834, at *1 (May 15, 2025).

The law demands that Defendants be held to account, not shielded from scrutiny.  The scales of justice are not tipped in favor of dismissal; they weigh in favor of a public reckoning.

SUBMITTED BY:
*/s /Courtney Ann Vincent*
**Courtney A. Vincent**
Attorney for Appellant, Yoni Perdomo

# <u>CERTIFICATE OF SERVICE</u>

I certify that on June 3rd, 2025, the foregoing document was via the Court's

CM/ECF system, which will automatically serve a copy on all parties' counsel.

**William S. Helfand**
Attorney-in-Charge
State Bar of Texas No. 09388250
S.D. Texas No. 8791
**Bill.Helfand@lewisbrisbois.com**

**Norman Ray Giles**
State Bar of Texas No. 24014084
S.D. Texas No. 26966
**Norman.Giles@lewisbrisbois.com**

**Lamisa Chowdhury**
State Bar of Texas No. 24114956
S.D. Texas. No. 3698847
**Lamisa.Chowdhury@lerisbrisbois.com**

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
*Attorneys for Defendants*
City of League City, Texas
Officers Rector and Surratt

*/s/Courtney Ann Vincent*
**Courtney A. Vincent**
Attorney for Appellant,
Yoni Perdomo

# <u>CERTIFICATE OF COMPLIANCE</u>

1.  This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and <u>5th CIR. R. 32.1</u> because this document contains 5369 words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and <u>5th CIR. R. 32.1</u> and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, in Times New Roman 14-point typeface, except for footnotes (if used), which are in Times New Roman 12-point typeface. Case names are italicized or underlined.

3.

<u>*/s/Courtney Ann Vincent*</u>
**Courtney A. Vincent**
Attorney for Appellant,
Yoni Perdomo
